**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2382**

MICHELE DAMIANO,

       Plaintiff - Appellant,

    v.

INSTITUTE FOR IN VITRO SCIENCES,

       Defendant - Appellee,

    and

PAYCHEX INSURANCE AGENCY, INC.,

       Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge. (8:16-cv-00920-PX)

Submitted: March 19, 2020                 Decided: March 26, 2020

Before WILKINSON, QUATTLEBAUM, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denise M. Clark, CLARK LAW GROUP, PLLC, Washington, D.C., for Appellant. Theodore P. Stein, OFFIT KURMAN, P.A., Bethesda, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michele Damiano appeals the district court's order granting summary judgment to the Institute for In Vitro Sciences on her breach of fiduciary duty claim under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461 (2012). She also appeals the court's order denying her motion for reconsideration. Damiano contends that the district court erred in ruling that she failed to show that IIVS' material misrepresentation actually harmed her. We affirm the district court's orders.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

Section 502(a)(3)(B) allows a participant, beneficiary, or fiduciary "to obtain other appropriate equitable relief" to redress violations of ERISA or enforce "the terms of the plan." 29 U.S.C. § 1132(a)(3)(B). In *CIGNA Corp. v. Amara*, the Supreme Court reiterated that "the term appropriate equitable relief in § 502(a)(3) . . . refer[s] to those categories of relief that, traditionally speaking (i.e., prior to the merger of law and equity) were typically available in equity." 563 U.S. 421, 439 (2011) (emphasis and internal quotation marks omitted). Although § 502(a)(3)(B) provides that the district court may order any appropriate equitable relief, it does not provide any particular standard for determining harm. *Id.* at 443. Instead, we must look to the law of equity, under which the form of relief requested determines the appropriate standard for analyzing harm. *Id.* Because Damiano seeks the equitable remedy of surcharge, she need only show actual harm by a preponderance of the evidence. *Id.* at 444.

In *Retirement Committee of DAK Americas LLC v. Brewer*, 867 F.3d 471 (4th Cir. 2017), we examined whether former employees seeking surcharge established sufficient evidence of actual harm to survive summary judgment. There, the employer announced a plant closure and amended its retirement plan to allow employees affected by the closure to take a lump sum early retirement benefit. *Id.* at 476-77. When announcing the changes to its employees, the employer inflated the amount of the benefit. *Id.* at 477. The employer notified its then-former employees when it learned of the error and requested return of the overpayment; the employer also offered a new opportunity to make a retirement election. *Id.* at 478. The employer sued the former employees who failed to return the overpayment, and the employees filed a counterclaim alleging a breach of fiduciary duty. *Id.*

4

The employees argued that they were entitled to a surcharge remedy on their breach of fiduciary duty counterclaim. *Id.* at 485. We determined that most of the former employees failed to make a showing of actual harm. *Id.* at 486. We explained that their assertions that they made "life altering decisions, including further employment and investment decisions," were too conclusory. *Id.* (internal quotation marks omitted). While recognizing that the employees suffered adverse tax consequences from receiving the overpayment, we noted that the employer warned them of these consequences when it notified them of the overpayment and that the liability accrued after the warning. *Id.*

However, we concluded that one employee made a sufficient showing of actual harm to survive summary judgment. *Id.* That employee had "contend[ed] that he relied on the erroneous lump sum calculation when he declined an offer to transfer to another . . . facility." *Id.* The employee supported his assertion with a sworn declaration from the decisionmaker, who stated that he would have hired the employee if the employee had accepted his offer. *Id.*

We conclude that Damiano's alleged harm is too conclusory under *Brewer*. Damiano does not dispute that she was not entitled to benefits under the disability policies at issue. Like the employees in *Brewer* whose showing of actual harm was insufficient, Damiano failed to present specific facts demonstrating how she would have acted differently had IIVS not misrepresented the continuation of her disability insurance. As the district court correctly recognized, Damiano failed to state that she would have sought disability insurance from another provider had she learned that she did not have coverage under IIVS' policies. And, while the employee in *Brewer* who successfully created a

5

genuine dispute of material fact included a sworn declaration to support his claim, Damiano offers nothing but a conclusory assertion that she would have negotiated a higher severance. Damiano did not negotiate her severance; IIVS offered it as a matter of good-will, and Damiano provided no evidence that IIVS would have considered offering her a higher severance had it realized she was not eligible for continuing disability coverage.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*